OPINION
Defendant-appellant Herman Harris Jr., appeals from a judgment dismissing his petition for post-conviction relief upon the grounds that it was untimely, and barred under the doctrine of res judicata. Harris argues, among other things, that the trial court erred in dismissing his petition as untimely because he was unavoidably prevented from discovering in a timely manner the facts upon which he needed to rely to present his claims for relief.
We conclude that Harris has failed to make an adequate showing that he was unavoidably prevented from discovering in a timely manner the facts upon which he needed to rely to present his claims for relief; therefore, the trial court did not err in dismissing his petition. Accordingly, the judgment of the trial court is Affirmed.
 I
In 1992, Harris was indicted for Aggravated Murder, Aggravated Burglary, and two counts of Aggravated Robbery. The Aggravated Murder charge was accompanied by death penalty specifications. Following trial before a three-judge panel, Harris was acquitted of the principal offenses, but convicted of the lesser-included offenses of Murder and Theft. He was sentenced to fifteen years to life on the Murder conviction, and four to ten years on the Theft conviction, with the sentences ordered to be served consecutively. This court affirmed Harris' conviction and sentence in State v. Harris (Dec. 21, 1994), Montgomery App. Nos. 14343 92-CR-907, unreported. Harris filed a motion for reconsideration, which this court denied in January, 1995. From 1995 until December, 1998, Harris filed four applications in this court to reopen his appeal pursuant to App.R. 26(B), based on the alleged ineffectiveness of his appellate counsel. This court denied all four applications. In July, 1998, Harris filed a motion for a delayed appeal in the Ohio Supreme Court, which was denied in October, 1998.
In August, 2000, Harris filed a petition for post-conviction relief in the trial court, which forms the basis of the current appeal. Harris raised eleven claims in his petition, many of which were repetitive and overlapping. Several of Harris' claims, including his contention that the trial judge who presided over his case had a "personal interest" in the case or had a "personal bias" against him, involved his assertion that he had been deprived of his right to the effective assistance of trial counsel because his appointed counsel initially failed to meet certain requirements contained in a local rule of superintendence relating to the minimum qualifications of defense attorneys in death penalty cases. Harris also argued that his due process rights had been violated when he was forced to take heavy doses of psychotropic medications while in prison, awaiting trial, thereby preventing him from assisting in his own defense.
The State moved to dismiss Harris' petition on the grounds that it was filed in an untimely manner pursuant to R.C. 2953.21(A); that Harris could not establish one of the exceptions for untimely filed petitions under R.C. 2953.23(A); and that Harris' claims were barred under the doctrine of res judicata. After Harris filed a "rebuttal" to the State's motion, the trial court, on August 30, 2000, issued an entry and order sustaining the State's motion, and dismissing Harris' petition.
Harris appeals from the trial court's August 30th judgment entry.
 II
In his sole assignment of error, Harris argues:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DENIED APPELLANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT FIRST HOLDING A HEARING.
 Harris acknowledges that his petition was untimely pursuant to R.C. 2953.21(A). Nevertheless, he contends that he was unavoidably prevented from discovering in a timely manner the facts upon which he needed to rely to present his claim for relief, and, therefore, the trial court erred by dismissing his petition. We disagree.
R.C.2953.23(A) states as follows:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 The provisions of R.C. 2953.23(A) are jurisdictional in nature, and absent a petitioner's showing that the requirements contained therein have been met, a trial court is without jurisdiction to entertain an untimely petition for post-conviction relief. State v. Ayers
(Dec. 4, 1998), Montgomery App. No. 16851, unreported.
Here, Harris has failed to offer an adequate explanation why he was unavoidably prevented from making a timely discovery of the facts upon which he needed to rely to present his claims for relief. Harris simply argues that he was "unaware" of the facts that he presented in his petition, and, therefore, he was unavoidably prevented from discovering the facts upon which he relied to present his claims for relief. However, Harris has failed to offer any explanation why he could not have discovered those facts in a timely manner, using reasonable diligence, nor is any reason for this failure apparent from the evidence he has presented in support of his petition or from any other part of the record. For instance, one of Harris' claims involves his assertion in his affidavit that, under threat of being placed in solitary confinement, he was forced to take psychotropic drugs while he was in prison awaiting trial, and that this action violated his due process rights because the drugs prevented him from assisting in his own defense. However, Harris has not suggested that he was unaware that prison officials were forcing him to take the drugs, and he has offered no reason, nor can we discern any, as to why this claim could not have been raised in a timely manner.
Furthermore, several of Harris' claims for relief, including his claim that his trial judge had a personal interest in his case or a personal bias against him, involve his assertion that his trial counsel was not properly certified pursuant to a local rule of superintendence, C.P.Sup.R. 65, to represent defendants in death penalty cases. This issue was raised and addressed in his direct appeal to this court, wherein we held that "a lack of certification under C.P.Sup.R. 65 is not determinative of an ineffective assistance charge[,]" and that C.P.Sup.R. 65 was not entitled to be accorded "constitutional status."Harris, supra.
Because Harris has failed to show that he was unavoidably prevented from discovering, in a timely manner, the facts upon which he relied to present his claims for relief, the trial court lacked jurisdiction to rule on his petition for post-conviction relief. Therefore, Harris' petition was properly dismissed.
Harris' sole assignment of error is overruled.
 III
Harris' sole assignment of error having been overruled, the judgement of the trial court is Affirmed.
 _________________ FAIN, J.,
WOLFF, P.J., and YOUNG, J., concur.